**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

| | |
|---|---|
| Wagstaff Minnesota, Inc., <br> Debtor. | Case No. 11-43073 <br> Chapter 11 Case |
| Wagstaff Properties Minnesota, LLC, <br> Debtor. | Case No. 11-43076 <br> Chapter 11 Case |
| Wagstaff Management Corporation, <br> Debtor. | Case No. 11-43081 <br> Chapter 11 Case |
| Wagstaff Properties, LLC, <br> Debtor. | Case No. 11-43074 <br> Chapter 11 Case |
| D & D Food Management, Inc., <br> Debtor. | Case No. 11-43084 <br> Chapter 11 Case |
| D & D Idaho Food, Inc., <br> Debtor. | Case No. 11-43083 <br> Chapter 11 Case |
| D & D Property Investments, LLC, <br> Debtor. | Case No. 11-43075 <br> Chapter 11 Case |
| Wagstaff Texas, Inc., <br> Debtor. | Case No. 11-43080 <br> Chapter 11 Case |
| Wagstaff Properties Texas, LLC, <br> Debtor. | Case No. 11-43077 <br> Chapter 11 Case |
| Wagstaff Atte Alaska, Inc., <br> Debtor. | Case No. 11-43082 <br> Chapter 11 Case |
| Wagstaff Atte Alaska, LLC, <br> Debtor. | Case No. 11-43078 <br> Chapter 11 Case |
| A D Bakes, Inc., <br> Debtor. | Case No. 11-43079 <br> Chapter 11 Case |

**NOTICE OF HEARING AND JOINT MOTION FOR ORDER**
**GRANTING EXPEDITED RELIEF AND AUTHORIZING**
**JOINT ADMINISTRATION OF ESTATES**

To: The parties-in-interest as specified in Local Rule 9013-(a)(1).

1. The above-captioned debtors and debtors in possession (collectively, the "Debtors") move the Court for the relief requested below and give notice of hearing.

2. The Court will hold a hearing on this motion (the "Motion") at **9:00 a.m. on Thursday, May 5, 2011**, in Courtroom No. 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

3. Local Rule 9006-1(b) provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought, the Debtors do not object to written responses being served and filed immediately prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter concerns the administration of the Debtors' estates and is accordingly a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A) and (O). Venue of the above-captioned chapter 11 cases (the "Cases") is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The petitions commencing the Debtors' chapter 11 Cases were filed on April 30, 2011 (the "Petition Date"). The Cases are now pending before this Court.

6. The statutory predicates for the relief sought herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015 of the Federal Rules of Bankruptcy Procedure ("FRBP"). The Debtors request the entry of an order on an expedited basis providing for the joint administration of the Cases and their consolidation for procedural purposes only pursuant to FRBP Rule 1015(b).

## BACKGROUND

7. The Debtors are corporations and limited liability companies that are owned in whole or in part by Denman Wagstaff and his wife, along with various other minority or equal owners.[1] Pursuant to franchise agreements, the Debtor corporations currently own and operate 77 "Kentucky Fried Chicken" restaurants in Alaska, California, Idaho, Minnesota and Texas, with a corporate headquarters in Hanford, California ("Operating Debtors"). The Debtors that are limited liability companies ("Property Debtors") each own real property that is leased to certain of the Operating Debtors.

8. A summary of the Debtors' assets and liabilities, and the events leading to the filing of the Cases, is set forth more fully in the separately-filed Wagstaff Declaration. In summary, similar to many food franchisees across the country, the Debtors began experiencing a significant slow down in business in 2008 arising from the national financial crisis and corresponding reduction of consumer spending. Faced with significant cash flow problems, the Debtors stopped making certain payments to their secured creditors.

9. In addition, despite the Debtors implementation of cost saving measures and improving their efficiencies, the Debtors were unable to meet some of their obligations under the franchise agreements with KFC Corporation ("KFC"). On or around October 20, 2009, KFC sent letters purporting to terminate their franchise agreements with the Debtors. Subsequently, in August 2010, the Debtors negotiated a reinstatement agreement with KFC in which all of the franchise agreements were reinstated. Pursuant to the reinstatement agreements with KFC, as of May 1, 2011, KFC may assert rights to cancel the franchise agreements with the Debtors, which will cause irreparable harm to the estates. In an effort to preserve the going concern value of the

---

[1] All of the Debtors are majority owned by Wagstaff and his wife, with the exception of D&D Food Management Inc., D&D Idaho Food, Inc., D&D Property Investments Inc., which are each 50% owned by Donald and Frances Steinke.

Debtors' assets for all creditors and other interested parties, the Debtors commenced these Cases before the estates suffered any irreparable harm.

10. As stated above, the Debtors are California corporations and limited liability companies owned in whole or in part by Denman Wagstaff and his wife, Alyce Wagstaff. The Debtors engage in the business of operating Kentucky Fried Chicken franchises or hold real property that is leased by one of the franchised restaurants. In addition, the Debtors have common management and many of the same creditors and parties in interest.

## RELIEF REQUESTED

11. **Joint Administration.** FRBP 1015(b)(4) empowers the court to order the joint administration of bankruptcy cases of separate entities "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate . . . ." "Affiliate," is defined by the Bankruptcy Code to include a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with the power to vote, 20 percent or more of the outstanding voting securities of the debtor…." 11 U.S.C. § 101(2).

12. Here, the Court should order the joint administration of the Debtors' Cases, as authorized by FRBP 1015(b)(4), because it will ease the burden on the Court and on the Debtors' creditors, without prejudicing any party in interest. Joint Administration will significantly reduce the cost of administering this case. Joint administration should be ordered because the Debtors are affiliates of each other, as each is owned in whole or part by Denman Wagstaff and his wife, Alyce Wagstaff. Moreover, the Debtors' assets and liabilities are substantially similar, resulting in similarities among their schedules and creditor mailing lists. Therefore, to ease the Court's administrative burden, it is appropriate for the Debtors' Cases to be administered together.

13. Furthermore, the Debtors are jointly obligated on most of the outstanding secured debt, making it likely that issues will arise requiring a ruling that will impact all Debtors. By ordering joint administration, the Court will be able to both dispose of issues with one set of pleadings and a single hearing schedule, and provide creditors with single and consistent notices and rulings. Supervision of the administrative aspects of the Cases by the United States Trustee will also be simplified. Therefore, it is in the interests of judicial economy, the estates, and their creditors that the estates be administered jointly.

14. If joint administration is not granted, each of the Debtors potentially will be forced to litigate similar, if not identical, matters in their respective chapter 11 Cases. Such a result would not only be inefficient, but the duplication of matters likely would result in a significant waste of the Debtors' limited resources, as well as those of the creditors, other parties in interest, and this Court.

15. Additionally, the rights of the Debtors' respective creditors and other interested parties will not be adversely affected by joint administration of the Cases. Each creditor may file its claim against the particular estate that allegedly owes it money. The Debtors will continue to operate, as they have in the past, as separate and distinct entities, and will continue to maintain their books and records to reflect all intercompany and third-party transactions during the pendency of their chapter 11 Cases.

16. The Debtors do not propose at this point to take any action that would constitute substantive consolidation of the estates, but merely seek authorization for procedural measures that will simplify and facilitate the efficient administration of the Cases.

17. By reason of the foregoing, the interests of the Debtors and their creditors will be best served by joint administration of the Cases. The Debtors request that the caption of the Cases be modified to reflect that the Cases are jointly administered, as follows:

**In re: Wagstaff Minnesota, Inc.,[1]**     Case No. 11-43073
        **Debtors**     Administered

[1] **Wagstaff Properties Minnesota, LLC, Case No. 11-43076; Wagstaff Properties, LLC, Case No. 11-43074; Wagstaff Management Corp., Case No. 11-43081; D & D Food Management, Inc., Case No. 11-43084; D & D Idaho Food, Inc., Case No. 11-43083; D & D Property Investments, LLC, Case No. 11-43075; Wagstaff Texas, Inc., Case No. 11-43080; Wagstaff Properties Texas, LLC, Case No. 11-43077; Wagstaff Atte Alaska, Inc., Case No. 11-43082; Wagstaff Atte Alaska, LLC, Case No. 11-43078; and A D Bakes, Inc., Case No. 11-43079**

## EXPEDITED RELIEF

18. Expedited relief is appropriate in the Debtors' Cases. The decisions regarding joint administration should be made early in the Cases so that the parties understand how the Cases will be administered and avoid unnecessary cost and confusion.

19. Pursuant to Local Rule 9013-2, this Motion is verified and is accompanied by a Memorandum of Law, proposed Order and proof of service.

20. Pursuant to Local Rule 9013-2, the Debtors give notice that they may, if necessary call Denman Wagstaff, President of the Debtors, to testify at the hearing on the Motion regarding the facts set out herein. The witness's business address is 1635 North Douty Street, Hanford, CA 93230.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that this Court enter an order, in the form filed herewith, granting expedited relief, authorizing the joint administration of the Debtors' bankruptcy Cases, and directing the filing of documents and claims, and granting such other relief as the Court deems just and equitable.

FREDRIKSON & BYRON, P.A.

Dated: May 2, 2011

/e/James L. Baillie
James L. Baillie (#3980)
Cynthia A. Moyer (#211229)
Sarah M. Gibbs (#390238)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
jbaillie@fredlaw.com
cmoyer@fredlaw.com
sgibbs@fredlaw.com

PROPOSED CO-COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

– and –

PEITZMAN, WEG & KEMPINSKY LLP

Howard J. Weg (CA 91057)
Scott F. Gautier (CA 211742)
Thor McLaughlin (CA 257864)
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 552-3100
Fax (310) 552-3101
hweg@pwkllp.com
sgautier@pwkllp.com
tmclaughlin@pwkllp.com

PROPOSED CO-COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

## VERIFICATION

I, Denman Wagstaff, President of the Debtors, based upon my personal information and belief, declare under penalty of perjury that the facts set forth in paragraphs 7-10 of the preceding Motion are true and correct, according to the best of my knowledge, information and belief.

Dated: April 30, 2011        Signed: _____
                                     Denman Wagstaff

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA**

In re:

| | |
|---|---|
| Wagstaff Minnesota, Inc., <br>     Debtor. | Case No. 11-43073 <br> Chapter 11 Case |
| Wagstaff Properties Minnesota, LLC, <br>     Debtor. | Case No. 11-43076 <br> Chapter 11 Case |
| Wagstaff Management Corporation, <br>     Debtor. | Case No. 11-43081 <br> Chapter 11 Case |
| Wagstaff Properties, LLC, <br>     Debtor. | Case No. 11-43074 <br> Chapter 11 Case |
| D & D Food Management, Inc., <br>     Debtor. | Case No. 11-43084 <br> Chapter 11 Case |
| D & D Idaho Food, Inc., <br>     Debtor. | Case No. 11-43083 <br> Chapter 11 Case |
| D & D Property Investments, LLC, <br>     Debtor. | Case No. 11-43075 <br> Chapter 11 Case |
| Wagstaff Texas, Inc., <br>     Debtor. | Case No.11-43080 <br> Chapter 11 Case |
| Wagstaff Properties Texas, LLC, <br>     Debtor. | Case No. 11-43077 <br> Chapter 11 Case |
| Wagstaff Atte Alaska, Inc., <br>     Debtor. | Case No. 11-43082 <br> Chapter 11 Case |
| Wagstaff Atte Alaska, LLC, <br>     Debtor. | Case No. 11-43078 <br> Chapter 11 Case |
| A D Bakes, Inc., <br>     Debtor. | Case No. 11-43079 <br> Chapter 11 Case |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR
ORDER GRANTING EXPEDITED RELIEF
AND AUTHORIZING JOINT ADMINISTRATION OF CASES**

The Debtors in these related Cases request expedited relief and an order authorizing joint administration of the Cases. The facts supporting this request for relief are set out in the Notice of Hearing and Motion filed herewith.

## LEGAL ANALYSIS

The Debtors request expedited relief on the Motion. FRBP Rule 9006(c) provides that the Court may reduce the notice period for a Motion "for cause shown." Cause exists here to grant the Motion on an expedited basis. Decisions about joint administration should be made as early in a case as possible, so that parties in interest will know how the case is to be administered, to minimize unnecessary expense, and avoid confusion. There are a number of other motions pending in the Debtors' chapter 11 Cases, and allowing joint administration will ease entry of the Debtors into chapter 11.

Joint administration of related cases is governed by Bankruptcy Rule 1015(b). That Rule provides—

> If a joint petition or two or more petitions are pending in the same court by or against…a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Joint administration is merely procedural. Each of the Debtors' estates remains a separate legal entity and each creditor's individual rights as to each estate are preserved. In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); In re Arnold, 33 B.R. 765,767 (Bankr. E.D. N.Y. 1983).

In these cases, joint administration is appropriate and should be ordered. The Debtors are affiliates of each other, as each is owned in whole or in part by Denman Wagstaff and his wife, Alice Wagstaff. Further, the Debtors' assets and liabilities are substantially similar, and the

Debtors are jointly obligated on most of the outstanding secured debt, making it likely that issues will arise requiring a ruling that will impact all Debtors.

The rights of the Debtors' respective creditors and other interested parties will not be adversely affected by joint administration of the Cases. The Debtors will continue to operate, as they have in the past, as separate and distinct entities, and will continue to maintain their books and records to reflect all intercompany and third-party transactions during the pendency of these Cases.

*[Remainder of page intentionally left blank.]*

For the foregoing reasons, the Debtors respectfully request that the Court enter an order for expedited relief and authorize joint administration of their chapter 11 Cases.

FREDRIKSON & BYRON, P.A.

Dated: May 2, 2011

*/e/James L. Baillie*
James L. Baillie (#3980)
Cynthia A. Moyer (#211229)
Sarah M. Gibbs (#390238)
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402
Phone (612) 492-7000
Fax (612) 492-7077
jbaillie@fredlaw.com
cmoyer@fredlaw.com
sgibbs@fredlaw.com

PROPOSED CO-COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

– and –

PEITZMAN, WEG & KEMPINSKY LLP

Howard J. Weg (CA 91057)
Scott F. Gautier (CA 211742)
Thor McLaughlin (CA 257864)
2029 Century Park East, Suite 3100
Los Angeles, CA 90067
Phone (310) 552-3100
Fax (310) 552-3101
hweg@pwkllp.com
sgautier@pwkllp.com
tmclaughlin@pwkllp.com

PROPOSED CO-COUNSEL FOR DEBTORS
AND DEBTORS IN POSSESSION

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

| | |
|---|---|
| Wagstaff Minnesota, Inc., <br>     Debtor. | Case No. 11-43073 <br> Chapter 11 Case |
| Wagstaff Properties Minnesota, LLC, <br>     Debtor. | Case No. 11-43076 <br> Chapter 11 Case |
| Wagstaff Management Corporation, <br>     Debtor. | Case No. 11-43081 <br> Chapter 11 Case |
| Wagstaff Properties, LLC, <br>     Debtor. | Case No. 11-43074 <br> Chapter 11 Case |
| D & D Food Management, Inc., <br>     Debtor. | Case No. 11-43084 <br> Chapter 11 Case |
| D & D Idaho Food, Inc., <br>     Debtor. | Case No. 11-43083 <br> Chapter 11 Case |
| D & D Property Investments, LLC, <br>     Debtor. | Case No. 11-43075 <br> Chapter 11 Case |
| Wagstaff Texas, Inc., <br>     Debtor. | Case No.11-43080 <br> Chapter 11 Case |
| Wagstaff Properties Texas, LLC, <br>     Debtor. | Case No. 11-43077 <br> Chapter 11 Case |
| Wagstaff Atte Alaska, Inc., <br>     Debtor. | Case No. 11-43082 <br> Chapter 11 Case |
| Wagstaff Atte Alaska, LLC, <br>     Debtor. | Case No. 11-43078 <br> Chapter 11 Case |
| A D Bakes, Inc., <br>     Debtor. | Case No. 11-43079 <br> Chapter 11 Case |

**ORDER GRANTING EXPEDITED RELIEF AND**
**AUTHORIZING JOINT ADMINISTRATION OF CASES**

This case came before the Court on the above Debtors' motion for expedited hearing and for an order authorizing joint administration. Appearances are noted on the record. Based on the arguments of counsel and the documents of record herein, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. The Debtors' request for expedited relief is granted. Notice of the Motion was appropriate under the circumstances.

2. The Debtors' motion for joint administration is granted.

3. The Debtors' respective Cases shall be jointly administered in accordance with Bankruptcy Rule 1015(b) and the heading of pleadings herein shall read as follows:

**In re: Wagstaff Minnesota, Inc.,[1]**     **Case No. 11-43073**
             **Debtors**                                 **Administered**

[1] **Wagstaff Properties Minnesota, LLC, Case No. 11-43076; Wagstaff Properties, LLC, Case No. 11-43074; Wagstaff Management Corp., Case No. 11-43081; D & D Food Management, Inc., Case No. 11-43084; D & D Idaho Food, Inc., Case No. 11-43083; D & D Property Investments, LLC, Case No. 11-43075; Wagstaff Texas, Inc., Case No. 11-43080; Wagstaff Properties Texas, LLC, Case No. 11-43077; Wagstaff Atte Alaska, Inc., Case No. 11-43082; Wagstaff Atte Alaska, LLC, Case No. 11-43078; and A D Bakes, Inc., Case No. 11-43079**

4. Nothing in this Order shall be construed to effect a substantive consolidation of the Debtors' chapter 11 Cases, and the Cases shall not be consolidated without further order of the Court.

5. Except as provided in paragraphs 6, 7 and 8 below, all future documents in the Debtors' chapter 11 Cases shall bear the joint administration caption noted in paragraph 3 of this Order and shall be filed **only** in the case of Wagstaff Minnesota, Inc., Case No. 11-43073.

6. Each Debtor shall file its schedules and statements and any amendment thereto in its respective case.

7. Each creditor shall file a separate claim in each case in which it holds a claim, and the Clerk's office shall maintain separate claims registers in each case to facilitate this process.

8. Each Debtor shall file any reports or statements required to be filed by the Office of the United States Trustee in its respective case, unless the United States Trustee agrees to some other requirement.

9. One mailing matrix shall be maintained for all Cases, which Debtors' counsel shall submit, and which shall be maintained in the electronic record for Wagstaff Minnesota, Inc., Case No. 11-43073.

10. This Order is effective immediately upon entry and the Clerk of Bankruptcy Court shall enter this order on the docket of each of the Debtors' chapter 11 Cases.

Dated:

Robert J. Kressel
United States Bankruptcy Judge